DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FRANKLIN XAVIER,                                    )
                                                    )
             Plaintiff,                             )
     v.                                             )     Civil Action No. 2023-0052
                                                    )
JOMO MEADE (JUDGE) and THE                          )
TERRITORY OF THE VIRGIN ISLANDS,                    )
                                                    )
             Defendant.                             )
                                                    )

**Appearance:**

**Franklin Xavier,** *pro se*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") (Dkt. No. 20) issued by Magistrate Judge Emile A. Henderson III recommending that Plaintiff Franklin Xavier's ("Plaintiff") Amended Complaint be dismissed with prejudice. Also before the Court are Plaintiff's Motion for Summary Judgment (Dkt. No. 27) and Plaintiff's Motion for Default Judgment (Dkt. No. 32). For the reasons that follow, the Court will adopt the R&R and deny as moot Plaintiff's Motion for Summary Judgment and Plaintiff's Motion for Default Judgment.

### I.   BACKGROUND

On November 22, 2023, Plaintiff filed a Complaint against Defendant Jomo Meade ("Judge Meade"), in both his individual and official capacities, and the Territory of the Virgin Islands[1]

---

[1] In the caption of both the initial Complaint and the Amended Complaint, Plaintiff identifies the Territory of the Virgin Islands as a defendant. (Dkt. Nos. 1 at 1, 10 at 1). However, in the body of the Amended Complaint, Plaintiff references the "Territory of the Virgin Islands Superior Court

("Territory"). (Dkt. No. 1). Thereafter, on February 2, 2024, Plaintiff filed an Amended Complaint alleging jurisdiction under 28 U.S.C. § 1915 and 42 U.S.C. § 1983. (Dkt. No. 10). Plaintiff alleges that, in November 2021, he was arrested on local charges and the matter was assigned to Judge Meade in Case No. SX-2021-CR-0051 in the Superior Court of the Virgin Islands ("Superior Court"). *Id.* at 1. Plaintiff further asserts that he moved for Judge Meade's immediate recusal based on an alleged conflict of interest and that his motion was denied on the basis that the allegations were insufficient to warrant recusal.[2] *Id.*

Plaintiff contends that Judge Meade's denial of the motion to recuse was a violation of his due process rights under the Fourth and Fourteenth Amendments of the Constitution, as well as his statutory rights. *Id.* at 2. Plaintiff further asserts that the failure to recuse resulted in delays in his criminal case and constituted a "prima facie case of actual prejudice." *Id.* Plaintiff seeks injunctive relief as well as monetary and punitive damages in the amount of $1,000,000. *Id.* Attached as exhibits to his Amended Complaint are several documents from his Superior Court case, including the Notice of Entry of the Order Denying Motion for Recusal and the Order Denying Recusal. (Dkt. Nos. 10-1, 10-2, 10-3, 10-4).

On February 28, 2024, Magistrate Judge Henderson issued an R&R recommending dismissal of the Amended Complaint with prejudice. (Dkt. No. 20). The Magistrate Judge concluded that Judge Meade and the Territory are not "persons" under Section 1983 and therefore are not amenable to suit under this statute. *Id.* at 4-5. Further, Magistrate Judge Henderson found

---

of the Virgin Islands" as well as the "Territory of the Virgin Islands" as defendants. (Dkt. No. 10 at 1). Although Plaintiff's intent is not entirely clear, the Court will construe Plaintiff's claims as against the Territory of the Virgin Islands. The Court finds that the outcome is the same whether either or both are defendants.

[2] The conflict of interest Plaintiff alleges is that Judge Meade—while an attorney in private practice—represented Plaintiff's ex-wife in a joint firearms prosecution involving both Plaintiff and his ex-wife. (Dkt. No. 10 at 2).

that Judge Meade is entitled to absolute judicial immunity in his individual capacity for actions taken in his judicial role. *Id.* at 5-6. The R&R further found that, because Plaintiff's allegations concern only past judicial actions, amendment to seek prospective injunctive or declaratory relief would be futile. *Id.* at 6.

To date, Plaintiff has not filed any objections to the R&R.

## II.  APPLICABLE LEGAL PRINCIPLES

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing an R&R, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v.*

3

*CityEqual Emp. Opportunity Comm'n v. City of Long Branch,* 866 F.3d 93, 100 (3d Cir. 2017) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Ellenburg v. Virgin Islands*, No. CV 23-0035, 2024 WL 4366906, at *1 (D.V.I. Sept. 30, 2024) (citing *Banco Popular de Puerto Rico v. Gilbert,* 424 F. App'x 151, 153 (3d Cir. 2011)) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted) (citation omitted)). The Third Circuit has described this level of review as "reasoned consideration." *Equal Emp. Opportunity Comm'n*, 866 F.3d at 100.

The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state: "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of an R&R that are not contested. *Massie v. Finley*, No. 1:19-CV-01201, 2021 WL 11108887, at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Cruz v. Chater*, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record' "); *see also Pratt v. Marsh*, No. 19-CV-00416, 2021 WL 2188576, at *8 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, No. 21-2328, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (internal citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made ... at the very least ... should be reviewed for clear error or manifest injustice."). Clear error occurs "when, [in] reviewing 'the entire record, the court is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Griffith*, 2024 WL 5053426, at *3 (3d Cir. Dec.

10, 2024) (citing *United States v. Caraballo*, 88 F.4th 239, 244 (3d. Cir. 2023)). In passing, a panel of the Third Circuit has appeared to accept this clear error/manifest injustice standard. *See Seamon v. Shapiro*, No. 24-1451, 2025 WL 88837, at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate Judge's report and recommendation for clear error or manifest injustice, because Seamon did not file objections to the report.").

### III. DISCUSSION

Because Plaintiff has not filed any objections within the 14-day period permitted by the Federal Rules of Civil Procedure—or indeed, at anytime thereafter—the Court will review the R&R for clear error or manifest injustice.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Tobal v. V.I. Police Dep't*, Civil Action No. 2010-0062, 2022 WL 136841 (D.V.I. Jan. 13, 2022) (quoting *Washington v. Hanshaw*, 552 F. App'x 169, 171 (3d Cir. 2014)). As to the first element, "[t]erritories and their officers, acting in their official capacities, are not 'persons' under 42 U.S.C. § 1983." *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010)); *see also Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("Congress did not intend to include Territories as persons who would be liable under § 1983"). The exception to this rule is that plaintiffs may maintain a case against territorial officers in their official capacity when plaintiff seeks "only prospective injunctive relief." *Id.* at 34; *Wheatley v. Mapp*, 2016 U.S. Dist. LEXIS 35806, at *12, 2016 WL 1092565 (D.V.I. Mar. 21, 2016) ("Similarly, officers of a territory acting in their official capacities are not persons under Section

1983, except to the extent that the plaintiff seeks prospective injunctive relief"). *McCauley*, 618 F.3d at 240-241.

In addition, judges, in their individual capacities are entitled to absolute judicial immunity from liability for actions taken in their judicial capacity, unless such action is taken in the absence of all jurisdiction. *Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Lehtonen v. Hollar*, Civil Action No. 2012-0012, 2013 WL 1091309, at *3 (D.V.I. Mar. 15 2013), *aff'd sub nom. Lehtonen v. Governor of Virgin Islands*, 595 F. App'x 136 (3d Cir. 2014) (quoting *Stump*, 435 U.S. at 362).

Here, Plaintiff's claims against Judge Meade acting in his official capacity, as well as against the Territory cannot go forward. First, Judge Meade, in his official capacity, and the Territory are not "persons" under 42 U.S.C. § 1983. Therefore, Plaintiff cannot satisfy the first element of a § 1983 claim. *McCauley*, 618 F.3d at 340. Accordingly, the Court will dismiss with prejudice Plaintiff's 1983 claims against both Judge Meade in his official capacity and against the Territory. *See Gautier v. Gov't of Virgin Islands*, Civil Action No. 2012-0076, 2023 WL 6065208, at *2 (D.V.I. Sept. 18, 2023) (dismissing claims against territorial agencies and officers with prejudice because they were not "persons" under 42 U.S.C. § 1983).

Moreover, Judge Meade cannot be held liable in his individual capacity for actions taken in his judicial capacity. As Magistrate Judge Henderson correctly notes in the R&R, Plaintiff has not alleged any facts suggesting that Judge Meade "acted in all absence of jurisdiction" when he denied Plaintiff's motion to recuse in the Superior Court matter. *Lehtonen v. Hollar*, 2013 WL

6

1091309, at *3 (D.V.I. Mar. 15, 2013) ("It is well established that judges have absolute immunity from Section 1983 actions seeking monetary damages for actions performed in a judicial capacity."). Further, Plaintiff's Amended Complaint seeks damages for only past conduct by Judge Meade—specifically, Judge Meade's denial of Plaintiff's motion to recuse in the Superior Court matter—and does not allege any basis or claim for prospective injunctive relief. Therefore, the limited exception which permits a Section 1983 claim for prospective injunctive relief against a Territorial officer is inapplicable. Accordingly, because Judge Meade is immune from suit in his individual capacity under the doctrine of absolute judicial immunity and Plaintiff does not seek, nor assert any basis for a claim for, any prospective injunctive relief against Judge Meade in his Amended Complaint, the Court will also dismiss the claims against Judge Meade in his individual capacity with prejudice.

The Court finds no clear error or manifest injustice in the Magistrate Judge's findings that Plaintiff's Amended Complaint should be dismissed with prejudice. Accordingly, the Court will adopt the R&R and will dismiss Plaintiff's Amended Complaint with prejudice.

## IV.   CONCLUSION

In view of the foregoing, the Court will adopt Magistrate Judge Emile A. Henderson III's R&R (Dkt. No. 20). Specifically, the Court will dismiss with prejudice Plaintiff Franklin Xavier's Amended Complaint (Dkt. No. 10). Further, the Court will deny as moot Plaintiff's Motion for Summary Judgment (Dkt. No. 27) and his Motion for Default Judgment (Dkt. No. 32).

An appropriate Order accompanies this Memorandum Opinion.

Date: February 16, 2026                                    _____/s/_____
                                                                                  WILMA A. LEWIS
                                                                                   Senior District Judge